CARROLL, Judge.
By petition for certiorari filed by the City of Miami there is presented for review a decision of the circuit court of Dade County which reversed, on appeal, a judgment of the City of Miami municipal court finding the respondent guilty of disorderly conduct.
The action of the respondent which was involved was the use of obscene language in the presence of other persons. It was disclosed that during a stage performance before an audience at the Miami Marine *498 Stadium, at a point when a portion of the audience was disturbed and was or was about to become unruly, the respondent, not connected with the performance went onto the stage, took over a microphone, and made a brief admonishment to the audience in which he used the obscene language on the basis of which he was charged with and convicted of disorderly conduct. It appears that his purpose in so acting was not to create or encourage a disturbance, but to avert one. The use of obscene language in the presence of other persons is an act which, under an ordinance, constitutes the offense of disorderly conduct, for which a penalty is prescribed. The Code of the City of Miami, Chapter 38, Section 10, subsection F, provides:
“Any person in the City shall be deemed guilty of disorderly conduct who: (F) uses obscene or profane language in the presence of anyone else, or any indecent, insulting or abusive language to another, or makes any threats of violence against another person.”
The circuit court reversed the conviction on holding the use of obscene language was not an offense under the ordinance where the purpose of the person uttering it was “to quell a potential disturbance rather than to create one.” In so holding the circuit court departed from essential requirements of law. Where an ordinance provides that utterance of obscene language in the presence of another constitutes disorderly conduct, it is not necessary that the obscene language bring about or be intended to encourage disorderly conduct by other persons. Violation by the respondent of the express provision of the ordinance against the use of obscene language was established in the record.
The circuit court’s ruling would require reading into the ordinance 'an exception which is not there, and is contrary to the plain wording of the ordinance in which guilt of one who uses obscene language before another person is not made dependent on his mood or purpose. The circumstances in which obscene utterances are made in the presence of other persons, including the fact, where it appears, that the obscene language was used in a remark which otherwise was lawful or even for a laudable purpose, could serve for mitigation, but not in exculpation.
Accordingly certiorari is granted, the judgment of the circuit court which reversed the conviction is quashed, and the judgment of conviction as rendered by the municipal court of the City of Miami is reinstated.
It is so ordered.